**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

**JASON HILL,**

                **Petitioner,**

                                              **9:05-CV-1245**
          v.                                        **(GLS/GHL)**

**JOHN J. DONELLI,**

                **Respondent,**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**FOR THE PETITIONER:**

JASON HILL
Last Known Address:
Washington County Jail
399 Broadway
Ft. Edward, New York 12828

**FOR RESPONDENT:**

HON. ANDREW M. CUOMO            ROBIN A. FORSHAW
Attorney General for the State of New York   Assistant Attorney General
 Counsel for Respondent
The Capitol
Albany, New York 13224

**Gary L. Sharpe
United States District Judge**

## **DECISION AND ORDER**

The court cannot locate *pro se* plaintiff, Jason Hill. Accordingly, it considers *sua sponte* Hill's noncompliance with this District's Local Rules by failing to notify the court of his current address and by not prosecuting his action.

On September 26, 2005, Hill filed a petition for writ of *habeas corpus* pursuant to 28 § U.S.C. 2254. On August 20, 2008, Judge George H. Lowe issued a Report-Recommendation and Order. Judge Lowe recommended that the petition for a writ of *habeas corpus* be denied and dismissed. *See Dkt. No.* 11. Hill's copy of the Report-Recommendation and Order was returned to sender as Not Deliverable as addressed/Unable to forward. *See Dkt. No.* 12. This district has expended considerable effort in order to familiarize *pro se* litigants with those Rules by reminding them of their obligations in various documents and orders mailed to them, and by preparing a Pro Se Handbook that is easily accessible. See http://www.nynd.uscourts.gov. In fact, copies of the Handbook have been provided to all prison libraries in the Northern District.

In relevant part, Local Rule ("L.R.") 10.1(b) provides:

> **All ... pro se litigants must immediately notify the court of any change of address.**  The notice of change of address is to be filed with the clerk of the court and served on all other parties to the action.  The notice must identify each and every action for which the notice shall apply.... (emphasis in original).

In turn, L.R. 41.2(b) provides that the "[f]ailure to notify the Court of a change of address in accordance with L.R. 10.1(b) may result in the dismissal of any pending action."

In fact, while this litigation has been pending, Hill has acknowledged this obligation by filing a change of address.  *See Dkt. No.* 10.

L.R. 41.2(b) mirrors Rule 41(b) of the Federal Rules of Civil Procedure, which affords the court discretionary authority to dismiss an action because of the failure to prosecute or to comply with any order of the court.  *Link v. Wabash R.R. County Indep. Sch. Dist.*, 370 U.S. 626 (1962); *see also*, *Lyell Theater Corp. v. Loews Corp.*, 628 F. 2d 37 (2d Cir. 1982).

On September 18, 2008, the court issued an order directing Hill to submit his current address to the court and file any objections to the Report-Recommendation, if he so chooses, within fourteen days from the date of the filing of the order.  *See Dkt. No.* 13.  The court warned Hill that his failure to comply with the order will result in the court considering the

Report-Recommendation as unopposed.  However, Hill's copy of the order was mailed to his last known addresses, but returned as Returned to Sender - Not Deliverable as addressed/Unable to forward.  *See Dkt. Nos. 14.*

For the orderly disposition of cases, it is essential that litigants honor their continuing obligation to keep the court informed of address changes. *Michaud v. Williams*, 98cv1141, 1999 WL 33504430, at *1 (N.D.N.Y. Nov. 5, 1999) (citing *Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1998) (Pooler, then D.J.).  As Judge Pooler has observed:

> It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions.  It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties of their counsel will be conducted principally by mail.  In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries.  Address changes normally would be reflected by those inquiries if made in writing.

*Dansby v. Albany County Corr. Staff,* 95cv1525, 1996 WL 172699, *1 (N.D.N.Y. Ap. 10, 1996) (citations omitted)).

As a matter of course, courts in this district have dismissed actions when litigants have failed to abide by either the Local Rules or orders related to address changes, and have subsequently failed to prosecute

their actions.  *See Williams v. Faulkner*, 95cv741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby*, 1996 WL 172699, at, *1; *Fenza*, 177 F.R.D. at 126; *cf. Michaud*, 1999 WL 33504430, at *1.

Hill's failure to provide this court with a change of address normally would warrant dismissal, however, the Court will consider the Report-Recommendation as unopposed.  The above-captioned matter comes to this court following a Report-Recommendation by Magistrate Judge George H. Lowe, duly filed August 20, 2008.  Following ten days from the service thereof, the Clerk has sent the file, including any and all objections filed by the parties herein.

No objections having been filed, and the court having reviewed the Magistrate Judge's Report-Recommendation for clear error, it is hereby

**ORDERED**, that the Report-Recommendation of Magistrate Judge George H. Lowe filed August 20, 2008 is ACCEPTED in its entirety for the reasons state therein, and it is further,

**ORDERED** that the petition for a writ of *habeas corpus* (Dkt. No. 1) is DENIED and DISMISSED, and it is further

**ORDERED** that the Petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2) and

will not issue a certificate of appealability with respect to any of the petitioner's claims, and it is further

**ORDERED,** that the clerk enter a judgment in favor of the respondent against the petitioner and close the case, and it is further

**ORDERED** that the Clerk serve petitioner at his last known address and all parties by regular mail.

**SO ORDERED.**

**Dated:    October 20, 2008**
**            Albany, New York**

*Gary L. Sharpe*
Gary L. Sharpe
U.S. District Judge